IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| **SCOTT TIMOTHY AMIGH**<br>2810 Fennel Road<br>Edgewater, Maryland 21037 | * | |
| *Plaintiff* | * | |
| v. | * | |
| **Cpl. T. Smith (#P1618)**<br>Anne Arundel County Police Department<br>Northern District<br>939 Hammonds Lane<br>Baltimore, Maryland 21225 | *<br>*<br>* | Civil Action No. |
| *Defendant* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### COMPLAINT AND DEMAND FOR JURY TRIAL FOR MONETARY DAMAGES FOR VIOLATION OF PLAINTIFF'S CIVIL RIGHTS

NOW COMES Plaintiff, Scott Timothy Amigh, by and through her undersigned counsel, Domenic R. Iamele and IAMELE & IAMELE, LLP, and hereby sues Defendant, Anne Arundel County Police Officer T. Smith (Identification Number P1618), and as reasons states as follows:

### Introduction

1.  This is an action for monetary damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, the common law of the State of Maryland, and the Maryland Declaration of Rights against Anne Arundel County Police Officer T. Smith, in his individual and official capacities. Jurisdiction is based upon 28 U.S.C. §§ 1331 and 1343, and on the pendent jurisdiction of this court to entertain claims arising under Maryland State law.

2. It is alleged that the individual defendant named herein made an unreasonable seizure of the person of Plaintiff Scott Timothy Amigh, thereby violating his rights under the Fourth and Fourteenth Amendment of United States Constitution, as well as, the Maryland Declaration of Rights. It is further alleged that the defendant named herein employed unwarranted and excessive force in effecting the seizure at issue in this Complaint.

3. Venue is proper under 28 U.S.C. § 1391 in that the Plaintiff resides in the State of Maryland, and the causes of action set forth in this Complaint concern events that occurred in Anne Arundel County, Maryland.

4. On January 15, 2014, notice of the claims advanced herein was posted in accordance with Maryland's Local Government Tort Claims Acts to the Office of the County Attorney for Anne Arundel County. This notice letter was received by the County Attorney on January 16, 2014, and later acknowledged through a correspondence authored by Supervising County Attorney Andrew J. Murray on January 21, 2014.

**Parties**

5. Plaintiff Scott Timothy Amigh is a citizen of the State of Maryland residing at 2810 Fennel Road, Edgewater, Maryland 21037.

6. At all times relevant to this Complaint, Defendant T. Smith was a duly authorized agent, servant, and/or employee of the Anne Arundel County Police Department working out of Northern District Platoon 4, 939 Hammonds Lane, Baltimore, Maryland 21225. At all times relevant to this Complaint, Defendant Smith was acting within the scope and course of employment as a member of the Anne Arundel County Police Department. He is sued in this case both independently and in his official capacity.

## Facts

7. On or about September 15, 2013, at approximately 3:52 a.m., Defendant Officer Smith was dispatched to a call for service at 202 1st Avenue, Glen Burnie, Maryland. This call was made by Plaintiff Amigh and was prompted by an argument between Jacob Wingate and Ashley Spindler.

8. Plaintiff Scott Amigh was not the subject of the call for police response.

9. When Defendant Officer Smith arrived at 202 1st Avenue there were several people standing outside on the street.

10. Defendant Officer was approached by David Mason who advised that several people were at his residence for a party, including Plaintiff Scott Amigh the owner of the residence.

11. Mr. Mason further advised the Defendant Officer that Jacob Wingate and Ashley Spindler had a heated argument in the front yard which resulted in Mr. Wingate slapping Ms. Spindler in the face. At which point, Mr. Mason grabbed a hold of Mr. Wingate and tackled him to the ground. The two were separated by Plaintiff Scott Amigh.

12. Defendant Officer placed Mr. David Mason under arrest.

13. While Defendant Officer was waiting for other Anne Arundel County Police Officers to arrive, Plaintiff Amigh was using profanities and speaking loudly to his niece, Tanya Amigh.

14. Defendant Officer advised Plaintiff Amigh to calm down or he would be arrested.

15. Plaintiff Amigh sat in the passenger side of a vehicle in the driveway, but left the door to the vehicle open. While in the vehicle, Plaintiff Amigh continued to speak loudly.

16. Plaintiff Amigh then exited the vehicle and Defendant Officer annoyed advised Plaintiff Amigh that he was under arrest.

17. While Defendant Officer attempted to have Plaintiff Amigh sit down next to Defendant Officer's vehicle, Defendant Officer kicked and/or stomped on Plaintiff Amigh's left knee.

18. Plaintiff Amigh immediately heard a pop in his left knee, felt great pain in his left knee, advised Defendant Officer of the same, and immediately requested medical attention.

19. Plaintiff Scott Amigh did not physically resist or otherwise assault the Defendant Officer in any way, and the force directed against him was unnecessary, unreasonable, and excessive.

20. At no time during the events described above, was Plaintiff Amigh a threat to the safety of himself, the Anne Arundel County Police responding to the scene, or any other person present outside the home.

21. Plaintiff Amigh had not committed any criminal offenses during the encounter with the Defendant Officer.

22. Defendant Officer had no warrant for the arrest of Plaintiff Amigh, no probable cause for the arrest of Plaintiff Amigh, and no legal cause or excuse to seize the person of Plaintiff Amigh.

23. Plaintiff Amigh was in obvious and apparent need of medical attention after being physically assaulted by Defendant Officer and requested medical attention. Paramedics were called to the scene. The Plaintiff was transported from the scene emergently to Baltimore Washington Medical Center via medic 119. Plaintiff Amigh was subsequently released from policy custody because he was transported to Baltimore Washington Medical Center, however,

an application for charges was completed for disorderly conduct and failure to obey a lawful order.

24. The charges advanced against Plaintiff Amigh were dismissed in the District Court of Anne Arundel County.

25. As a direct result of the assault perpetrated by Defendant Officer Smith, Plaintiff Amigh has suffered serious and permanent physical injuries including, but not limited to: medial meniscus tear and a contusion to the posterior lateral tibia and partial tear of the anterior cruciate ligament (ACL). Plaintiff Amigh underwent a surgical procedure, arthroscopic partial medial menisectomy and debridment of partial tear anterior cruciate, to treat these causally related injuries.

26. In addition to the physical injuries described herein, Plaintiff Amigh suffered the following injuries and damages:

   a. Violation of his well established constitutional rights under the Fourth and Fourteenth Amendment of the United States Constitution to be free from an unreasonable search and seizure of his person;

   b. Violation of his constitutional rights under the Maryland Declaration of Rights clearly established and well settled state constitutional rights under the Maryland Declaration of Rights Articles 24 and 26 including, but not limited to: Freedom from the unreasonable seizure of his person and Freedom from the use of excessive, unreasonable, and unjustified force against his person;

   c. Loss of his physical liberty;

   d. Physical pain and suffering;

   e. Emotional trauma and suffering, embarrassment, and mental anguish;

  f. Lost wages and loss of future earning potential;

  g. And has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendant Officer.

27. The actions of the Defendant Officer Smith violated the following clearly established and well settled federal and state constitutional rights of Plaintiff Amigh:

  a. Freedom from the unreasonable seizure of his person; and

  b. Freedom from the use of excessive, unreasonable, and unjustified force against his person.

## COUNT I – BATTERY
### (Plaintiff Scott Amigh v. Defendant Officer Smith)

28. Plaintiff Amigh hereby incorporates Paragraphs 1 through 27 as if fully restated herein.

29. Defendant Officer Smith engaged in intentional acts of unlawful conduct with Plaintiff Amigh such that the Plaintiff sustained serious and permanent injuries.

30. Defendant Officer Smith utilized unreasonable, unlawful, and excessive force by, among other things, stomping on Plaintiff's left knee.

31. Plaintiff Amigh in no way consented to the described contact by Defendant Officer Smith; in no way provoked, contributed to, or in any way presented just or reasonable cause for Defendant Officer Smith to act as he did; and did nothing to contribute to the unlawful touching that Defendant Officer Smith inflicted upon him.

32. The conduct of Defendant Officer Smith was without legal justification and was improperly motivated by ill will and actual malice – including, but not limited to, a desire to inflict pain, suffering, and injury upon the Plaintiff.

33. As a direct and proximate result of the assault perpetrated by Defendant Officer Smith, Plaintiff Amigh sustained significant injuries, medical bills, and psychological damages.

## COUNT II – FALSE ARREST
### (Plaintiff Scott Amigh v. Defendant Officer Smith)

34. Plaintiff Amigh hereby incorporates Paragraphs 1 through 33 as if fully restated herein.

35. Defendant Officer Smith did not have any rational reason to believe that Plaintiff Amigh had engaged in any crime, acted in a disorderly fashion, or failed to obey a lawful order and were therefore without lawful authority or adequate probable cause to detain/arrest the Plaintiff. Plaintiff Amigh was nevertheless detained as described herein.

36. The false arrest perpetrated by Defendant Amigh was made without warrant and without probable cause to support a lawful arrest.

37. The conduct attributed to Defendant Officer Smith demonstrated ill will, improper motivation, and actual malice on the part of the Defendants.

38. As a direct consequence in result of the acts of Defendant Officer Smith described herein, the Plaintiff was deprived of his liberty, was caused to suffer permanent physical injuries, and has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendant. The Plaintiff has also suffered additional injuries which are not expressly enumerated herein.

## COUNT III – FALSE IMPRISONMENT
### (Plaintiff Scott Amigh v. Defendant Officer Smith)

39. Plaintiff Amigh hereby incorporates Paragraphs 1 through 38 as if fully restated herein.

40. Defendant Officer Smith falsely imprisoned the Plaintiff throughout the course of events described herein. The instances of false imprisonment include, but are not limited to, the periods during which Plaintiff Amigh was (1) restrained by Defendant Officer Smith at the scene and (2) forcefully thrown against the ground by Defendant Smith during the course of an ongoing physical assault.

41. The actions of Defendant Officer Smith caused Plaintiff Amigh to be unlawfully deprived of his liberty, unable to escape a vicious attack, and incapable of seeking necessary medical attention.

42. As a result of the unlawful conduct described herein, Plaintiff Amigh was detained against his will and sustained significant injuries and damages described herein.

43. The Defendant's actions demonstrate ill will, improper motivation, evil purpose, and/or actual malice.

44. As a direct consequence in result of the acts of Defendant Officer Smith described herein, the Plaintiff was deprived of his liberty, was caused to suffer permanent physical injuries, and has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendant. The Plaintiff has also suffered additional injuries which are not expressly enumerated herein.

### COUNT IV – VIOLATION OF 42 U.S.C. 1983 – FOURTH AND FOURTEENTH AMENDMENTS
### (Plaintiff Scott Amigh v. Defendant Officer Smith)

45. Plaintiff Amigh hereby incorporates Paragraphs 1 through 44 as if fully restated herein.

46. At all times relevant to this Complaint, Plaintiff Amigh had rights afforded to him by the Fourth and Fourteenth Amendments to the United States Constitution not to have his

person or property unlawfully searched, seized, or detained in an unreasonable manner, not to be deprived of his liberty without due process of the law, not to be subjected to excessive force during the course of an arrest, not to be unreasonably denied necessary medical treatment, and not to be summarily punished.

47. At all times relevant herein, Defendant Officer Smith was acting under the color of State and local law and as members of the Anne Arundel County Police Department. His conduct therefore triggers 42 U.S.C. §1983.

48. Defendant Officer Smith's actions and omissions deprived Plaintiff Amigh of his clearly established and well-settled constitutional rights.

49. Defendant Officer Smith knowingly acted to deprive the Plaintiff of his constitutional rights maliciously and with reckless disregard.

50. Plaintiff Amigh claims damages for the injuries set forth above under 42 U.S.C. §1983 against Defendant Officer Smith for violation of his constitutional rights under color of law.

### COUNT V – VIOLATION OF MARYLAND STATE DECLARATION OF RIGHTS
**(Plaintiff Scott Amigh v. Defendant Officer Smith)**

51. Plaintiff Amigh hereby incorporates Paragraphs 1 through 50 as if fully restated herein.

52. As a direct and proximate result of the actions and omissions of Defendant Officers Smith, described herein, all of which were committed under the color of his authority as a member of the Anne Arundel County Police Department and while acting in the capacity of a duly authorized police officer, Plaintiff Amigh was deprived of rights and immunities secured to

him under the Maryland Declaration of Rights – in particular, his right not to be subjected to excessive force during the course of an ongoing arrest.

53. As a direct consequence and result of the actions and omissions of Defendant Officer Smith described herein, Plaintiff Amigh was deprived of his liberty, was caused to suffer physical injuries, lost time from his employment, and has suffered and will continue to suffer economic loss due to the sums of money spent to alleviate the injuries that were inflicted by the Defendant.

WHEREFORE, Plaintiff Scott Timothy Amigh hereby requests that this Honorable Court:

(A) Award the Plaintiff actual, compensatory, and consequential damages in an amount to be determined at trial against Defendant Anne Arundel County Police Officer T. Smith;

(B) Award Plaintiff punitive damages in an amount to be determined at trial against Defendant Anne Arundel County Police Officer T. Smith;

(C) Award costs of this action to the Plaintiff;

(D) Award the Plaintiff reasonable attorney's fees and costs incurred in pursuing this action, as provided under 42 U.S.C. §§ 1983 and 1988; and

(E) Award such other and further relief as this Court may deem just and appropriate.

Respectfully submitted,

IAMELE & IAMELE, LLP

_____
Domenic R. Iamele, Federal Bar No. 00878
201 North Charles Street, Suite 700
Baltimore, Maryland 21201
410-779-6160 (Telephone)
410-779-6161 (Facsimile)
driamele@iamelelaw.com
*Counsel for Plaintiff, Scott T. Amigh*

## PRAYER FOR JURY TRIAL

Plaintiff hereby requests that all issues raised in this Complaint be decided by way of a jury trial.

_____
Domenic R. Iamele